**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMILCAR GUEVARA-DIAZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-435<br><br>Agency No.<br>A206-898-785<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Amilcar Guevara-Diaz, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence and its legal conclusions de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Where, as here, the BIA affirms the IJ's reasoning and also adds its own comments, we review both decisions. *Gonzalez Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022). We deny the petition for review.

To establish eligibility for asylum, "a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). A petitioner may demonstrate past persecution by showing that "(1) he has endured serious harm such that his treatment rises to the level of persecution; (2) the persecution was committed by the government, or by forces that the government was unable or unwilling to control; and (3) the persecution was on account of one or more protected grounds, such as a political opinion." *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2022) (internal quotation marks and citations omitted). "Persecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (citation omitted).

Substantial evidence supports the BIA's conclusion that Guevara-Diaz did

not demonstrate past persecution.[1]  Guevara-Diaz credibly testified before the IJ that he fled El Salvador following four frightening encounters with a rival political party on account of his work for the Grand Alliance for National Unity during a local election in 2015.  These encounters included threats of death and beatings, one of which inflicted bruises requiring pain medication.  Guevara-Diaz's experiences, while troubling, do not compel the conclusion that he endured serious harm amounting to persecution.  *See Singh*, 57 F.4th at 653–57 (reviewing analogous cases and concluding that a petitioner suffered past persecution where political opponents followed and physically beat petitioner and his brother over a period of years).  Although "we do not require severe injuries to meet the serious-harm prong of the past-persecution analysis," *id.* at 654, we have "repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm," *Sharma*, 9 F.4th at 1061.

Absent a finding of past persecution, Guevara-Diaz is not entitled to a presumption of future persecution.  *See Sharma*, 9 F.4th at 1060; 8 C.F.R. § 1208.13(b)(1).  Even excusing Guevara-Diaz's forfeiture of a challenge to the IJ's adverse internal relocation finding, *see Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1112 (2023) (holding that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is a claim-processing rule, not a jurisdictional bar), substantial evidence supports

---

[1]  Although "the standard of review for past persecution is currently unsettled," *Antonio v. Garland*, 58 F.4th 1067, 1072 n.8 (9th Cir. 2023), the agency's fact-bound analysis here calls for a deferential substantial evidence review, *see Flores-Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022).

the BIA's conclusion that Guevara-Diaz did not demonstrate a well-founded fear of future persecution. The record does not show that the political opponents who antagonized Guevara-Diaz during the 2015 election have a "continuing interest" in him today. *See Sharma*, 9 F.4th at 1065. Although Guevara-Diaz's father attested that members of the rival party asked after Guevara-Diaz following his departure, the father's statement does not specify the extent or severity of these inquiries. Ultimately, without additional evidence about the current political climate and enduring threats to Guevara-Diaz, his concerns are "too speculative to be credited as a basis for fear of future persecution." *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021) (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003)).

Consequently, we deny Guevara-Diaz's petition with respect to his asylum and withholding of removal claims. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal.").

Substantial evidence also supports the BIA's denial of Guevara-Diaz's CAT claim. To establish eligibility for CAT protection, a petitioner must show "that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). "Torture" is "an extreme form of cruel and inhuman treatment and does not

include lesser forms of cruel, inhuman or degrading treatment or punishment." 8 C.F.R. § 1208.18(a)(2). Accordingly, "[d]emonstrating torture requires a much greater showing of harm than demonstrating persecution." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022). Although Guevara-Diaz faced significant adversity as a result of his political views, he has not proffered evidence that the incidents he endured amounted to torture or are "more likely than not" to reoccur. Thus, substantial evidence supports the BIA's denial of Guevara-Diaz's CAT claim.

**PETITION DENIED.**